# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ANGEL ANGELLEAR ANDREA SUMLER,     *

Plaintiff     *

v     *     Civil Action No. JFM-17-1774

CIRCUIT COURT,     *
BALTIMORE CITY POLICE DEPARTMENT,
CHILD PROTECTIVE SERVICES,     *
DEPARTMENT OF SOCIAL SERVICES,
MONTGOMERY COUNTY     *

Defendants     *
                       ***

## **MEMORANDUM**

The above-captioned complaint was filed together with a motion to proceed in forma pauperis. ECF 2. Because plaintiff appears to be indigent, the motion shall be granted.

Plaintiff invokes this court's federal question jurisdiction stating:

The bible violation of amendment rights, hate crimes and financial abuse and misuse telephone misuse, false charges and street harassment.

*Id.*, p. 2.

In further support of her complaint, plaintiff states:

My children and I were violated by ar adyendment [sic] rights. Telephone misused, financial abused, assaulted, and unprotected by duties of Baltimore City Police Offices. Privileged information that protects our government and the U.S. has been violated. We have been targeted, mistreated, kidnapped, and threatened by government officials, causing also of jealousy and [illegible] to the public. I will explain further in court with evidence. We had a fire in 2013, I was pursuing my career and schooling, while networking and attempting to help others; justice was obstructed, and we were cyberbullied and stalked and our journey was interrupted. We were then thrown in a unit false advertise by gosection8.com of 519 Beaumont Avenue, and assaulted, and falsely accused of matters, therefore telephone misused, street harassed, and am now residing at 2818 Kentucky Ave and issues have not changed now I'm being told I'm crazy and false ads by CPS, with friends of people related to other government issues.

*Id.* at 6.

> My children and I, have suffered defamated (sic), assaulted, violated, and harassed by State and federal government employees and informants. Privileged information has been released, treason has been committed, protection of this county has been violated, in several different ways. We have been kidnapped, unable to do our job as a citizen and live in the way we were intended, unprotected, defemated (sic), and jealousy was made all over the streets. Violation or our citizen rights, and in effort to not be treated properly, we were said/hearsay to be gang members and drug dealers. We suffered and are not able to recover and attacked by drug dealers, gang members and cannot find decent housing, without being tortured.

*Id.* at 7.

> As relief, plaintiff states:
>
> Theft of identity-work history, ID, damage to property, medical bills, assault, rumor control-, excessive bail, fail to abide by hippa law, Theft of credit card, failure to be treated as a citizen.

*Id.* at 7.

Pursuant to 28 U.S.C. §1915(e)(2), a court may dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). As noted by Judge Hollander:

> To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys. *Id.; see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This court must allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972), and must assume the complaint allegations to be true. *Erickson*, 551 U.S. at 93. However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See, e.g., Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th

Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed *in forma pauperis*). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

*Harris v. Janssen Healthcare Products*, No. CV ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on her behalf. A separate Order follows dismissing this case.

Dated this 28 day of February, 2018.

FOR THE COURT:

_____
James K. Bredar
Chief Judge